## JOHN McNALLY, PROSECUTOR, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT.

Submitted December 3, 1914—Decided August 3, 1915.

1. In determining the amount of compensation to be paid under the Workmen's Compensation act the courts of this state will not hold that a petitioner should be compelled to take a risk of death by an operation, however slight that may be, in order that the pecuniary obligation created by the law in his favor against his employer may be minimized.

2. Where a risk of life is involved the refusal of the petitioner to submit to an operation is not unreasonable.

3. Where the operation is one not attended with danger to life or health, or extraordinary pain or suffering, and one to which a reasonable man would submit, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, and the workman refuses to submit to the operation, then the statutory obligation of the master to compensate, him for the incapacity will cease.

4. The trial judge, having found as a fact that the injury which the petitioner suffered was permanent in character should have allowed compensation on that basis. with leave to the defendant to apply to the court for a modification if petitioner submits to an operation and recovers.

On *certiorari* to the Hudson County Court of Common Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Richard Doherty.*

For the defendant, *Walter Lester Glenney.*

The opinion of the court was delivered by

KALISCH, J. This matter is before us on a writ of *certiorari,* sued out by the prosecutor, the petitioner in the court below, to review the order of compensation made by that court to him, under the Workmen's Compensation act.

The court found that the prosecutor was injured in an accident arising out of and in the course of his employment, in consequence whereof he suffered from loss of motion of the left hip, temporary in character, until August 29th, 1913; that in further consequence of the injury a femoral hernia developed on the left side of the prosecutor which cannot be helped by a truss and which can only be cured by an operation; that the operation necessary is a common one and is almost invariably successful; that if the operation is not performed the hernia is likely to grow larger and eventuate in death; that if the operation is performed and is successful, the prosecutor would be entirely recovered within six months; that if the operation is performed and is unsuccessful, the prosecutor will be about in the same condition as he is now. Upon these findings the court determined that if the operation is not performed the disability of the prosecutor is total in character and permanent in quality; that if it be performed the disability is temporary and will disappear at the end of six months, and thereupon the court adjudged that the petitioner was entitled to receive compensation at the rate of $7.62 per week for temporary disability from June 24th, 1913, to August 29th, 1913, and that thereafter he is entitled to receive compensation for temporary disability for the period of six months from August 29th, 1913, being the period of time within which the disability might be cured by an operation. The court further adjudged that if the operation proves to be unsuccessful, leave is given to the prosecutor to apply for a modification of the order, &c.

It is to be borne in mind that the trial judge found as a fact that the prosecutor's physical ailment brought about by the accident was a permanent one unless it was relieved by a successful operation.

The court in making the award of compensation proceeded on the theory that the femoral hernia might be cured by an operation, and that it was the duty of the prosecutor to submit to it and undergo the experiment. This view is contrary to that expressed by this court in *Feldman* v. *Braun-*

*stein, ante p.* 20, which was not reported at the time the present case was decided.

The trial judge, having found as a fact that the injury from which the prosecutor suffered was permanent in its nature, should have allowed compensation on that basis, with leave to the defendant below to apply to the court for a modification of the order, if it was made subsequently to appear that the prosecutor refused unreasonably to submit to an operation. Such a course would very properly place the burden of proof on the party asserting that an operation to which a reasonable man would submit would probably effect a cure, and that the refusal of the prosecutor to submit to an operation is unreasonable.

In the present case, the proof before the court was that out of twenty-three thousand operations only about forty-eight have been unsuccessful or resulted in death.

The consensus of opinion of the medical witnesses is that the operation is a major one accompanied with some peril to life.

Although the peril to life seems to be very slight, forty-eight chances in twenty-three thousand, nevertheless the idea is appalling to one's conscience that a human being should be compelled to take a risk of death, however slight that may be, in order that the pecuniary obligation created by the law in his favor against his employer may be minimized. The English cases, cited by counsel for defendant, do not lay down any such doctrine.

*Higgs Hill, Limited, v. Unicune* (1913), 1 *K. B.* 595, is a case where a workman refused to attempt to do light work on the ground of incapacity, and the court terminated his compensation upon finding that his refusal was unreasonable. In that case it appears that the removal of the incapacity did not involve any risk of life.

*Warnacken v. R. Moreland & Son, Limited* (1909), 1 *K. B.* 184, is a case where a workman, though advised by a doctor to have a loose piece of bone remaining in his foot, which caused his disability, removed by an operation, refused, and the court held that his refusal was unreasonable.

In both of these cases it appears that the operations designed to be performed were of a minor character and carried with them no risk to the patients.

We think the sound rule on the subject to be as stated by Lord McLaren, in *Donnelly* v. *Baird* (1908), *Scotch Cas.* (on *p.* 536), which is as follows: "In view of the great diversity of cases raising this question, I can see no general principle except this, that if the operation is not attended with danger to life and health, or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him."

It is true that the question whether a workman reasonably refuses to have an operation performed is one of fact for the trial judge to determine.

It cannot, however, be properly said that where it appears, as it does in the present case, that a risk of life is involved, that the refusal of the prosecutor to submit to an operation is unreasonable.

There was, therefore, no basis for the order made by the trial judge that the prosecutor should submit to an operation. The compensation adjudged by the court is a weekly compensation. In the event that the prosecutor chooses to submit to an operation and recovers, the defendant can petition the trial court to reduce the compensation or stop it, if the proper number of weeks have elapsed for which compensation should have been made.

For the reasons stated herein the judgment should be reversed and the record remanded to the Court of Common Pleas to be proceeded with according to law.