## WALKER MOTOR CO. et al. v. EASTMAN et al.

No. 21809. Opinion Filed July 14, 1931.

Clayton B. Pierce, A. J. Follens, and A. M. Covington, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original action before this court to review an award of the State Industrial Commission to Ollie Eastman.

Respondent, Ollie Eastman, suffered the accidental personal injury of hernia on August 24, 1929, while in the employment of petitioner, Walker Motor Company. Pursuant to a hearing had at Chickasha before Judge Doyle, the Commission made an award September 15, 1930, to claimant of $92.32, as compensation for the statutory period of eight weeks allowed for a hernia; and claimant not desiring an operation at the expense of the employer or insurance carrier for the correction of said hernia, the Commission awarded a further sum of $125 in lieu of said operation, so that if he chose he might select his own physician and surgeon. Petitioners herein contend that the Commission was without authority of law to order them to pay $125 to this claimant in lieu of an operation.

The facts adduced at the hearing show that respondent objected to an operation when same was tendered by his employer, and claimed he was now cured. The only question for our determination is: Does the law provide for money payment in lieu of medical treatment, where it clearly appears claimant refused medical aid and announced he was entirely well.

The statute provides (section 7290, C. O. S. 1921, as amended 1923, ch. 61, sec. 6, subd. 3, par. 21):

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability, then the Commission may so determine said fact and award the claimant compensation for a total permanent disability."

Workmen's Compensation Laws were passed with two main ideas or purposes: First, to compensate as nearly as practicable the injured employee for the wage he lost by reason of the accident; second, to furnish the injured employee with medical services so as to rehabilitate and restore him as near as possible to the condition he was in before the accident. To accomplish this end, there is imposed on the employer the obligation of furnishing the injured party with medical treatment. And if the employer fails to provide this medical treatment, then the injured party may choose his own doctor and make the employer pay for this service. However, there is no authority to support respondent's contention that he is entitled to compensation for medical treatment where he refuses said medical treatment and claims he has entirely recovered from the disability caused by the injury.

Science knows of no way by which hernia can be repaired other than by operation. Such was the inference laid down by this court in the case of Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 Pac. 898. In the instant case, an operation was tendered to this employee. This operation was tendered immediately after the accident; it was tendered again prior to the time that this case came on for trial before the Industrial Commission; it was tendered a third time at the hearing before the Commission. On each occasion, this employee refused to accept the operation. At no time did the injured employee make complaint as to the surgeon's services offered or his capabilities. Respondent simply refused to accept an operation from any surgeon, claiming he was cured.

The state and society are vitally interested in the cure and rehabilitation of workmen who have been injured in a hazardous industry. The Legislature has zealously guarded the interest of employees by providing that the "employer shall promptly provide the injured employee with such medical or surgical attention as may be necessary;" but, when it clearly appears the employee refuses to accept such medical and surgical attention, held, the employer is not liable for medical treatment.

This employee unreasonably refused to accept the operation tendered, and we know of no authority allowing the Industrial Commission to award compensation for medical

treatment where it clearly appears claimant refuses to accept the same.

In White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 Pac. 611, Mr. Justice Swindall. speaking. for the court in that case, said:

"The claimant owes a duty not only to his employer, but to himself and his family, to return himself to perfect health as speedily as possible, and to this end he is required to act reasonably."

If he does not act reasonably, he would not be entitled to an award for compensation during the period of such unreasonable refusal.

Justice Marshall, of the Supreme Court of Kansas, in the case of Strong v. Sonken-Galamba Iron & Metal Co., 109 Kan. 117, 198 Pac. 182, uses the following very strong language:

"The plaintiff has been injured. The injury can be remedied, and he can be restored to his former condition. It is his duty to do whatever is necessary to restore him. If he refuses to perform that duty, he should not ask the state nor any person to assist him in that refusal. He cannot be compelled to undergo an operation, but he can be told that if he refuses, he shall not receive compensation for that which he voluntarily continues."

In other states, where this question has been passed upon, there is ample authority to the effect that by a refusal to accept such an operation. the injured employee is not entitled to further compensation. O'Brien v. Albert A. Albrecht Co. (Mich.) 172 N. W. 601; McNally v. Hudson & M. R. Co. (N. J.) 95 Atl. 122; Schiller v. B. & O. Ry. Co. (Md.) 112 Atl. 272; Mt. Olive Coal Co. v. Ind. Com. (Ill.) 129 N. E. 103.

In other words, when the employer tenders competent medical services and same are refused, then there is no obligation of the employer to pay for medical services.

The testimony discloses that respondent refused the operation for the reason, as he alleged, "he was well." If he was well, then there was no reason for having an operation. The only reason for performing an operation was to cure a defect. This being true, that part of the order allowing $125 in lieu of an operation can only be construed to mean that the Commission was allowing this sum irrespective of whether or not an operation should be performed. The material part of the section providing compensation for hernia reads:

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable. * * *"

The language anticipates that the operation shall have been performed. It does not contemplate that the employer would be liable for some assumed fees for an operation which the employee had not accepted. In the case of Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 Pac. 898, supra, this court said, in part:

"We therefore hold that the respondent is liable for, and should pay, all hospital and medical fees rendered to the claimant, * * * and should pay to the claimant compensation * * * until such time as a successful operation shall have been performed, and for eight weeks thereafter, or until such time as such operation shall be tendered by respondent, and by the claimant refused, in which event compensation shall cease at the expiration of the eight weeks after such tender, credit to be given for any compensation already paid."

The court said plainly that if the employee refuses to accept the hernia operation, then eight weeks' compensation shall be paid, and compensation shall cease at the expiration of eight weeks.

The Workmen's Compensation Law of Oklahoma is a special statute, and while it is necessary to construe the same liberally in order to give effect to its provisions, no right or remedy can be given that is not allowed by the statute.

There is no provision in the law providing for a money payment in lieu of medical treatment. Such an award of the Commission is void, and should be vacated and held for naught.

The award of the Commission is affirmed as to the eight weeks' compensation of $92.32, and reversed as to the awarding $125, as compensation in lieu of an operation for the correction of said hernia.

The Commission may, if it deems necessary, direct the employer to provide and pay for an operation within a reasonable time hereafter.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.