### TEXAS EMPIRE PIPE LINE CO. et al. v. CHRISTY et al.

No. 22111. Opinion Filed Feb. 23, 1932.

Owen & Looney, Paul N. Lindsay and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., and Robert Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This is an original action filed in this court by petitioner to review an award of the State Industrial Commission made and entered on February 6, 1931, in favor of the respondent Eli Christy, wherein respondent was awarded the sum of $138.48 for eight weeks' compensation for hernia resulting from accidental injury of August 2, 1930; and in addition thereto the sum of $150, in lieu of an operation which he refused to take for hernia.

Petitioners have filed brief herein, alleging: First, that there is no competent evidence in the record to support the findings of the Commission that the claimant sustained hernia by reason of an accidental personal injury. Second, that the Commission erred in awarding the claimant $150 as the cost of an operation for hernia when the record shows that the claimant refused to have such operation performed. No brief has been filed by the respondents.

The evidence in this case discloses that the respondent was employed by the Texas Empire Pipe Line Company, and that while cutting weeds with a mowing scythe on a tank farm, on the 2nd day of August, 1930, the mowing scythe slipped and struck him in the side and he had to quit work and sit down; that he told his boss he had hurt himself, and the boss said: "Go get doctored up and go back to work;" that he went to Dr. Brown, a licensed chiropractor, and was told, upon examination, that he was partly ruptured; that Dr. Brown treated him about 12 or 14 days for hernia. The material part of Dr. Brown's testimony is as follows:

"Q. Do you know the claimant? A. Yes, sir. Q. Did you have occasion to treat him professionally? State what time, and what your examination disclosed? A. I don't remember just the date, but it was sometime in August, and my examination showed a slight rupture. Q. What side was it, Doctor? A. The right side. Q. Inguinal? A. As I remember, yes, sir. Q. You treated him for that ailment, did you, Doctor? A. Yes, sir. How long did you continue to treat him? A. Well, I think along about 12 or 14 days—along there, I haven't the figures. Q. Have you seen him lately, or examined him lately rather? A. No, sir. Q. You don't' know whether it has progressed, or in the same condition? A. No, sir, I haven't examined him since. * * * Q. We ought to have something here as to what his present condition is, but you are satisfied he had a partial hernia? A. Yes, sir. Q. There was a looseness of the inguinal ring? A. Yes, sir. Q. Sufficient to show protuberance there? A. Slightly."

On cross-examination Dr. Brown testified that he did not find any other deformity or abnormality; no abnormality or unusual condition about his groins. Dr. Davis, physician and surgeon, testified for the petitioner that he examined the claimant on or about October 14, 1930; that he gave him a general physical examination, and testified as follows:

"Q. What did your examination reveal? A. Well, I found several things; he has several scars on the upper inner side of his right thigh indicative of having had an extensive infection there in his early days. Q. Are they of long standing? A. They were. Q. Did you examine him for hernia or rupture? A. I did. Q. Did you find any evidence of hernia or rupture? A. I did not. Q. In your opinion, do you think the alleged sprain of August 2, 1930, caused any disability? A. I didn't find anthing; a person can complain of pain and you cannot deny it,—I couldn't find any physical condition to justify it. Q. In other words, you found no objective symptoms of trauma at all? A. I did not. Q. You found no hernia? A. No, absolutely none. Q. Did you find a relaxed condition? A. No, I found these rings reasonably tight, showing a very remote possibility of hernia ever having existed."

The above is in substance all of the material testimony bearing upon the sufficiency of the evidence to support the findings of the Commission that the claimant sustained hernia by reason of an accidental personal injury. This evidence was before the Industrial Commission and findings on the same are binding on this court. There is sufficient evidence from Dr. Brown and the claimant to justify the findings of the Commission, and the judgment and award of the State Industrial Commission giving the claimant the sum of $138.48 for eight weeks' compensation for hernia, should be affirmed.

"In an industrial case this court on review will not weigh conflicting evidence to determine the weight and value thereof, and where the award and judgment of the

Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review." Lobert & Klein v. Whitten, 150 Okla. 72, 300 P. 636.

The testimony shows that claimant paid Dr. Brown for his treatment the sum ot $10. Upon the evidence, the Commission found that the claimant refused an operation for hernia, and awarded $150 in lieu of the operation, which the claimant refused to take for his hernia. The remaining question for our determination is, Does the law provide for money payment in lieu of medical treatment where it clearly appears the claimant refused the operation?

Section 7290, C. O. S. 1921, as amended by Session Laws 1923, chapter 61, sec. 6, subd. 3, par. 21, provides:

"In case of an injury resulting in hernia, compensation for eight weeks, and the cost of an operation shall be payable. * * *"

The language anticipates that the operation shall be performed; it does not contemplate that the employer would be liable for an operation that the employee had not accepted. Walker Motor Co. v. Eastman, 150 Okla. 227, 1 P. (2d) 640. Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898. In Walker Motor Co. v. Eastman, supra, this court announced the following rule of law (quoting from the body of the opinion):

"The Workmen's Compensation Law of Oklahoma is a special statute, and while it is necessary to construe the same liberally in order to give effect to its provisions, no right or remedy can be given that is not allowed by the statute.

"There is no provision in the law providing for a money payment in lieu of medical treatment. Such an award of the Commission is void and should be vacated and held for naught."

The award of the Commission is affirmed as to the $138.48 for eight weeks' compensation, and reversed as to the award of $150 in lieu of an operation for said hernia. The Commission may, if it deems necessary, direct the employer to provide and pay for an operation within a reasonable time hereafter.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L., 828 829; R. C. L. Perm. Supp. p; 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.