New Jersey Department of Labor,
Workmen's Compensation Bureau.

JAMES BUSH, PETITIONER, v. HENRY RUDOLPH, RESPONDENT.

Decided October 3, 1936.

For the petitioner, *Edwin J. O'Brien.*

For the respondent, *Simons & McKeown.*

This is a proceeding brought by the petitioner under the provisions of section 21 (f), seeking a review of a certain determination and order heretofore entered in this matter upon the ground of increased incapacity, and praying for an additional allowance of compensation for both temporary and permanent disability.

The material facts are not in dispute. On April 20th, 1935, between ten-thirty A. M. and eleven-thirty A. M., the petitioner, while lifting a potted palm of approximately seventy-five pounds in weight, was seized with a sudden and severe pain in the region of his right groin, causing him to drop the palm to the ground. After resting for a period of fifteen or twenty minutes he continued at light work for the rest of the day. There seems to be no question but that the

petitioner suffered a recurrent right inguinal hernia as a result of the said lifting. It appears further that ten years prior a herniatomy was performed upon him in Ohio for a bilateral condition; that eleven months later a recurrence took place on the right side requiring additional surgical intervention; and that thereafter both sides remained firm and in good repair until the occurrence on April 20th, 1935. Upon the original petition filed herein, the parties entered into a settlement which was approved by the deputy commissioner and entered in form of a determination and order, by the terms of which the petitioner was paid compensation of ten weeks at the rate of $14.68 per week for temporary disability, and in addition thereto twenty weeks at the same rate, representing the statutory schedule-allowance for a compensable hernia, besides medical expenses and the costs of a truss.

The question for determination is whether the petitioner, having accepted compensation in accordance with the above settlement, is entitled to maintain his present action for further recovery. Without touching upon the extent of the petitioner's present disability, solution of the issue necessarily turns upon interpretation of section 11(x) of the act.

Section 11(x) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3874, § **236-11(x) ), commonly known as the hernia section, deals exclusively with inguinal hernia. It is conveniently subdivided into two parts: the first part prescribes the requisite proof in order to establish a compensable hernia, while the second part prescribes the statutory benefits inuring to one suffering a compensable hernia. The present inquiry may be limited to the second part since the required proof of hernia must be deemed to have been conceded at the original trial. The benefits flowing from the statute for a compensable hernia are as follows:

1. Medical services in accordance with section 14.

2. Compensation for temporary disability, less the waiting period, payable until such time as the injured is able to resume work with the aid of a truss or other mechanical device. If the total period of temporary disability exceeds seven weeks, the waiting period then becomes payable.

3. The choice of an operation for the correction of the hernia, the cost of which shall not exceed $150 together with the additional payment of compensation consequent thereon for temporary disability during the period of hospitalization and for a reasonable convalescent period after hospitalization until such time as the injured is able to work; or if an operation is declined by the injured, the payment of twenty weeks compensation, following the payment of which the obligation of the employer shall cease and terminate, unless death results from the hernia.

The purpose underlying the legislative scheme in providing a choice on part of the injured between an operation and the resultant temporary disability compensation, or the payment of twenty weeks compensation is obvious. Under the well settled rule in this state, an injured employe may not be compelled to undergo a surgical operation which endangers life or limb. In *McNally* v. *Hudson and Manhattan Railway Co.*, 87 *N. J. L.* 455; 95 *Atl. Rep.* 122; *affirmed*, 88 *N. J. L.* 729; 96 *Atl. Rep.* 975, the medical testimony was to the effect that the peril of death from an operation for the correction of a hernia was forty-eight chances in twenty-three thousand. It was held the refusal to submit to the operation was not unreasonable and did not release the employer. In order to overcome this obstacle, the legislature in its wisdom enacted this optional provision. From a medical standpoint it must be conceded that a herniatomy cures the condition, while an unoperated hernia results in a permanent physical defect for which the payment of twenty weeks compensation is deemed as a measure of indemnity. The petitioner in the present case accepted the payment of twenty weeks in lieu of an operation. Opinions of several physicians representing the respective parties were stipulated at the original trial, the consensus of which was to the effect that an operation was contra-indicated, because of the weakness and thinning out of the abdominal wall, resulting from the previous operations. It is quite probable that the petitioner's election to accept the payment of twenty weeks compensation in lieu of an operation was influenced to some extent by the opinions of the doctors. But having exercised his option, the question arises, "can he now

insist upon surgical and hospital services at the expense of his employer for the repair of the hernia?" The answer, obviously is no. The respondent's liability is limited to one, and only one of the options; either payment of twenty weeks compensation, or the furnishing surgical and hospital services not exceeding $150, for the correction of the hernia, together with payment of compensation for temporary disability incurred during hospitalization and convalescence—in no case does the statute subject him to both.

Under the grouped headings the respondent has made the following payments:

Under I. Medical services in the amount of $15, representing services rendered petitioner by Dr. Hashen; together with cost of truss.

Under II. Payment of ten weeks compensation at the rate of $14.68, representing temporary disabilitly.

Under III. Payment of twenty weeks compensation at the same rate.

The respondent's liability, therefore, is at an end, unless there be a subsequent recurring temporary disability under heading II, by reason of an exascerbation of the condition, either acute or subacute, requiring further medical attention and causing temporary incapacity; or unless death ensues as a result of the hernia following the payment of twenty weeks compensation made under heading III. Like any other type of injury, the provisions of section 11(a) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3872, § \*\*236-11(a) ) apply extending the period of temporary disability to a limit of three hundred weeks, whether the said period is a straight consecutive one following the injury or one occurring at subsequent intervals.

The case may be referred for further hearing for the purpose of producing testimony on the question of allowance of compensation for further temporary disability.

JOHN J. STAHL,
*Deputy Commissioner.*