ALLEN v. ELK CITY COTTON OIL CO. et al.

No. 17685.　Opinion Filed March 29, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. Master and Servant—Workmen's Compensation Law—Review — Finality of Decision Below on Facts.

The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based, if there is any competent evidence to reasonably support it.

2. Same—Compensation for Injury Resulting in Hernia—Effect of Delayed Operation.

The provision of section 7290, C. O. S. 1921, providing that eight weeks' compensation and cost of operation should be allowed for an injury resulting in hernia, presupposes that prompt medical attention in the nature of the necessary operation as provided in said section 7290, C. O. S. 1921, will be given, and where such necessary operation, or the tender thereof, is long and unnecessarily delayed, the employer will be held liable for compensation during such delay, where continued disability results from such hernia.

3. Same—Injuries Aggravated by Unskillful Operation—Effect on Award.

Under section 7288, C. O. S. 1921, it is incumbent upon the employer to properly provide medical and surgical aid, and the employer is liable for all legitimate consequences following the accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based upon the ultimate result of the accident regardless of the fact that the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician.

4. Same—Liability of Employer—Tender of Surgical Attention.

The responsibility resting upon the employer to cause to be performed the necessary operation to cure hernia resulting from an injury received in the course of employment by the employer can only be relieved by the tender of such operation to the employee and his refusal to accept the same.

5. Same—Nonliability of Employer to Pay for Treatment of Other Ailment.

Under the Workmen's Compensation Law an employer cannot be held liable for the payment for medical services rendered the employee by physicians other than the one selected by the employer wherein the treatment extended to claimant is for ailment other than that resulting from the injury received by the employee arising out of and in the course of his employment.

Original action in Supreme Court by J. Wright Allen to review an award of compensation by the Industrial Commission against the Elk City Cotton Oil Company, and its insurance carrier. Reversed and remanded.

L. D. Threlkeld and J. W. Mansell, for petitioner.

George F. Short, Atty. Gen., and Cheek & McRill, for respondents.

PER CURIAM. This is an original action in this court to review the award of the State Industrial Commission of July 10, 1926, wherein the petitioner herein was claimant and the Elk City Cotton Oil Company is respondent, the Fidelity Union Casualty Company was insurance carrier, and the State Industrial Commission is also a respondent in this action. The respondent hereinafter referred to is the Elk City Cotton Oil Company unless otherwise expressly designated. The petitioner is referred to herein as claimant.

The State Industrial Commission in said award made the following findings of fact:

"That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental injury on the 16th day of March, 1924, when he fell a distance of about sixteen feet: that in falling claimant managed to shove himself away from moving drive wheel and fell backwards.

"The said accident resulted in multiple injuries, consisting of concussion of brain, fracture of the seventh and eighth ribs, same being torn loose from spinal column, laceration of soft tissues, displacement of kidney and hernia of right and left side.

"That as a result of said aforementioned accident claimant was not temporarily totally disabled by reason of his multiple injuries beyond May 1, 1924. That disability of claimant beyond May 1, 1924, was due solely to claimant's hernia, which hernia was caused or greatly accelerated by said aforementioned accident; that claimant is in need of operative treatment for said hernia."

The conclusion reached by said Commission on the foregoing findings of fact was that by reason of the facts found the claimant is not entitled to compensation for temporary total disability following May, 1, 1924, by reason of the multiple injuries sustained by claimant as a result of said accident, but the claimant is entitled to eight weeks' compensation for the hernia sustained; and then ordered that the respondent Elk City Cotton Oil Company and Fidelity Union Casualty Company pay claimant compensation to May 1, 1924, and in addition thereto eight weeks' compensation at $11.54 per week for the hernia sustained, and tender claimant an operation for said hernias, the expense incident to said operation to be paid by the respondent and insurance carrier herein.

The further facts necessary to a proper consideration of the question raised in this cause are that the claimant was, after the accident, taken in an unconscious condition to the hospital selected by the respondent and placed in charge of a nurse and physician selected by the respondent, and that upon regaining consciousness he complained to the nurse of pain in the groins. The physician admitted his examination upon this complaint was slight or casual, and that he afterwards learned of the existence of hernia in May, 1924 but no operation and hospital service incident thereto to cure these hernias at the expense of the respondent were ever tendered claimant up to the time of the award of the Industrial Commission, July 10, 1926. The petitioner was able bodied prior to the accident, and since that time has not been able to do work of the character of that done prior to the accident, and but little of any kind of work wherein he chose under his condition by which he might sustain himself, or be on his feet without distress, and is attended with risk at all times of strangulation on one or both sides which would necessitate a hurried operation to save his life. These hernias can be cured by operation, but cannot be otherwise cured, which cure by operation would require a period of at least three months' time to effect.

There is competent evidence in the record to reasonably support the findings of fact embraced in the award.

"The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based, if there is any competent evidence to reasonably support it." Lawrence v. State Industrial Commission, 120 Okla. 197, 251 Pac. 40.

But we cannot agree with the conclusion reached by the Industrial Commission that claimant is not entitled to compensation beyond May 1, 1924.

Section 7290, C. O. S. 1921, as amended by section 6 of chapter 61, Session Laws 1923, in so far as applicable to the instant case, is as follows:  -

"In the case of an injury resulting in hernia, compensation for eight weeks and the cost of an operation shall be payable; provided that if the hernia resulted in the total permanent disability, then the Commission may so determine said fact and award the claimant compensation for total disability."

The eight weeks' compensation provided for in the foregoing section is awarded to cover the period of healing and is based upon the same general two-thirds basis of compensation carried through the Workmen's Compensation Law for temporary total disability and based upon expert medical authority that it required three months to cure hernia; the eight weeks allowed covering two-thirds of the healing time and thereby making the employee carry one-third of the risk.

One of the purposes of the Workmen's Compensation Law is to rehabilitate an injured employee, and this should be done without unnecessary delay. The provision of section 7290, supra, that in case of injury resulting in hernia, compensation for eight weeks and cost of operation should be allowed, presupposes that prompt medical attention in the nature of the necessary operation as provided in section 7288, C. O. S. 1921, and 7290, supra, will be given and where such necessary operation is not tendered for a period of two years and four months from the time of the injury resulting in such hernia, the respondent will be held liable for compensation during the time such tender is delayed. The Commission found that claimant's disability after May 1, 1924.

"was due solely to claimant's hernia, which hernia was caused or greatly accelerated by said aforementioned accident. That claimant is in need of operative treatment for said hernia."

It has been held by this court that the employer is liable for compensation where continued disability is due to improper surgical treatment. In the case of Booth & Flynn, Ltd. v. Cook et al., 79 Okla. 280,

193 Pac. 36; in the first paragraph of the syllabus thereof, this court says:

"Under the Workmen's Compensation Act it is incumbent upon the employer to promptly provide medical and surgical aid, and a schedule of compensation is adopted providing specific amounts of recovery for specific results of accidents. In an action before the Industrial Commission for compensation under said act it was conclusively found by the Commission that the workman's injuries had been aggravated and his disability increased by improper treatment of the physician so provided without fault of the workman himself. Held, the employer is liable for all legitimate consequences following the accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based upon the utlimate result of the accident regardless of the fact that the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician."

In the case of Brown v. Sinclair Refining Co., 86 Okla. 143, 206 Pac. 1042, it is held:

"Under the Workmen's Compensation Act, it is incumbent upon the employer to properly provide medical and surgical aid, and a schedule of compensation is adopted providing specific amounts of recovery for specific results of accident. Held, the employer is liable for all legitimate consequences following the accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based upon the ultimate result of the accident regardless of the fact that the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician."

In the case at bar the continued disability of claimant is due to the failure of the respondent and its physician to perform the necessary operation to cure these hernias, and the responsibility resting upon them to perform such operation can only be relieved by the tendering thereof to the claimant and his refusal to accept the same.

We are unable to distinguish between a continued disability due to improper surgical treatment and a continued disability due to a failure to render proper surgical treatment as in the instant case.

We therefore hold that the respondent is liable for and should pay all hospital and medical fees rendered to the claimant prior to May 1, 1924, and should pay to claimant compensation at the rate fixed by the Commission of $11.54 per week from March 16, 1924, until such time as a successful operation shall have been performed, and for eight weeks thereafter, or until such time as such operation shall be tendered by respondent and by the claimant refused, in which event compensation shall cease at the expiration of the eight weeks after such tender, credit to be given for any compensation already paid.

The claimant complains of the action of the Industrial Commission in refusing to allow his hospital fees and fees for medical attention, including the services of the physician other than that furnished by the respondent. We have examined the evidence as to the treatment extended to the claimant by these other physicians, and find that the treatment accorded was not for relief of the hernia, but for other ailments not induced thereby. The respondents should not be called upon to pay for the services of the physician rendered claimant for causes not connected with the accident.

The award of the Industrial Commission limiting the payment of compensation in this case to May 1, 1924, is hereby vacated, set aside, and said Industrial Commission is hereby directed to make an award in this case in conformity with the conclusions herein reached.

Note—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127. (2-5) Workmens Compensation Acts—C. J. p. 100, §97. See under (1) anno. L. R. A. 1916A, 266; 28 R C L p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. 1766. (2) L. R. A. 1916A, 303; L. R. A. 1917D, 118; L. R. A. 1918F, 873; 28 R. C. L. p. 795. (3) anno. 39 A. L. R. 1276; 6 R. C. L. Supp. p 1761. (4) anno. L. R. A. 1916A, 387; L. R. A. 1917D, 174; 6 A. L. R. 1260: 18 A. L. R. 431; 28 R. C. L. p 815; 3 R. C. L. Supp. p. 1598; 4 R. C. L. Supp. p. 1864; 6 R. C. L. Supp. p. 1761.