## TOM SLICK OIL CO. et al. v. SULLIVAN et al.

No. 23244.   Oct. 31, 1933.

Rehearing Denied Nov. 28, 1933.

Application for Leave to File Second Petition for Rehearing Denied Dec. 19, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

John J. Carney, for respondent.

OSBORN, J. This is an original action to review an award of the Industrial Com-

mission in favor of Millard T. Sullivan, claimant, against Tom Slick Oil Company, petitioner herein.

The record shows that claimant was a roustabout employed by petitioner on an oil rig in the Oklahoma City field. On February 13, 1931, he was directed to carry a steel cable to the top of the derrick. He testified that about the time he reached the top of the derrick, carrying an extremely heavy load, he felt a sharp pain in the groin; that he stated his condition to the foreman and was immediately taken to a doctor and sent to a hospital, where he stayed for twelve days and was released; that he later returned to work, but, on account of the extreme pain caused by physical exertion, he could not work and has not been able to do manual labor since that time.

At the conclusion of several hearings, the Commission entered the following findings of fact:

"That on the 13th day of February, 1931, claimant was in the employment of the respondent and engaged in a hazardous employment subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental injury arising out of and in the course of his employment consisting of a strain while carrying a wire cable to the top of a derrick, resulting in a hernia.

"That the average wage of the claimant at the time of said accidental injury was $130 per month.

"That by reason of said accidental injury the claimant has been temporarily totally disabled from the performance of ordinary manual labor from the date of the accident and is now temporarily totally disabled from the performance of ordinary manual labor by reason of said accidental injury."

Compensation was awarded for temporary total disability from the date of February 13, 1931, less the five-days waiting period, to the date of December 1, 1931, and to continue until otherwise ordered by the Commission. From said order, petitioner has appealed.

Petitioner contends that, since there was a positive finding by the Commission that claimant had sustained a hernia, the following paragraph of section 13356, O. S. 1931, is applicable:

"Hernia: In case of an injury resulting in hernia, compensation for eight weeks and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability, then the Commission may so determine said fact and award the claimant compensation for a total permanent disability."

It is further contended that the Commission should have made an order not to exceed eight weeks' compensation instead of a continuing award for temporary total disability.

It is noted that no operation was tendered claimant by petitioner and that the order of the Commission is silent as to said operation.

The case of Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898, is applicable herein. In that case, claimant was injured on March 16, 1924, and it was found by the Commission that his disability was due to hernias and ordered respondent therein to tender to claimant an operation and pay eight weeks' compensation thereafter. It was shown that no operation had been tendered claimant up to June 10, 1926, the date of the award. This court held that said award was erroneous and that it should have included compensation from March 16, 1924, the date of the injury, until such time as the operation was tendered to claimant, and in the event claimant refused said operation, compensation to cease eight weeks after the date of said tender. The following rules, applicable hereto, were therein announced:

"The provision of section 7290, C. O. S. 1921 (13356, O. S. 1931), providing that eight weeks' compensation and cost of operation should be allowed for an injury resulting in hernia, presupposes that prompt medical attention in the nature of the necessary operation as provided in said section 7290, C. O. S. 1921 (13356, O. S. 1931), will be given, and where such necessary operation, or the tender thereof, is long and unnecessarily delayed, the employer will be held liable for compensation during such delay, where continued disability results from such hernia.

"Under section 7288, C. O. S. 1921 (13354, O. S. 1931), it is incumbent upon the employer to properly provide medical and surgical aid, and the employer is liable for all legitimate consequences following the accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based upon the ultimate result of the accident regardless of the fact that the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician.

"The responsibility resting upon the employer to cause to be performed the necessary operation to cure hernia resulting from

an injury received in the course of employment by the employee can only be relieved by the tender of such operation to the employee and his refusal to accept the same."

The second paragraph above quoted is not approved, but is modified as set forth in the second paragraph of the syllabus herein.

There is a sharp conflict in the evidence as to whether or not claimant's trouble was due to a hernia or to another disease. Some of the medical men testified positively that the examination showed a hernia and others testified, as positively, that there was no evidence of such trouble. Petitioner concedes the rule to be that a finding by the Commission on a disputed issue of fact is binding upon this court. Since the Commission made a positive finding that the claimant is, in 'fact, suffering from a hernia, the award should have been based upon the law applicable thereto as heretofore announced in the case of Allen' v. Elk City Cotton Oil Co.. supra, construing sections 13356 and 13354, O. S. 1931, and, instead of a continuing award for temporary total disability, the said award should 'be modified to provide for the tender of an operation to claimant, the entire expense thereof to be borne by petitioner and the discontinuance of said compensation payments eight weeks after said operation is performed or refused. Under the evidence. claimant is entitled to compensation from the date of the injury to the time of the tender of said operation.

Petitioner cites the case of Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. (2d) 663, in which it was held that an accidental injury of an employee resulting in hernia was subject to compensation for eight weeks unless the injury results in total permanent disability. In that case, an award was made for 31 weeks, and was reduced by this court to eight weeks in conformity with section 13356, O. S. 1931. No comment was made upon section 13354, O. S. 1931, relating to the duty of the employer to provide medical and surgical aid and fixing the responsibility upon the employer for negligence or carelessness of employer's physician, but the rule announced in Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614, was followed. In that case, an employee who had suffered an injury resulting in hernia accepted an operation with the result that the hernia was cured, but the nerves were pinched by the scar of the operation, causing continuous pain and resulting in disability. A second operation was necessary. to dissect the scar tissues, thereby releasing the pressure on the nerves, relieving pain, and restoring the patient to normal condition and comfort. In that case the Commission awarded, in addition to the eight weeks for hernia, 24 weeks for temporary total disability which resulted from the faulty operation. This court vacated the award as to the 24 weeks. The facts of those cases distinguish the same from this case.

The award is vacated, with directions to the Industrial Commission to enter an award in conformity with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.