J. E. SMITH & SONS et al. v. BAY et al.

*99 P. 2d 152.*

No. 29111. Feb. 13, 1940.

Rolland O. Wilson, of Oklahoma City, for petitioner.

Hugh M. Bland and Bob Howe, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by J. E. Smith & Sons and their insurance carrier, hereafter referred to as petitioners, to obtain a review of an award which was made by the State Industrial Commission on January 31, 1939, in favor of Guy Bay, hereafter referred to as respondent.

The record shows that the respondent sustained a compensable injury on August 3, 1934, as the result of a dynamite explosion; that the petitioners furnished medical attention and paid compensation to the respondent during the period of his temporary total disability; that on September 5, 1935, the State Industrial Commission approved a form 14 stipulation and agreement between the parties whereunder respondent was paid for a 50 per cent. permanent partial disability to his left leg; that motion of respondent to reopen the case and to award him additional compensation on account of change in condition was denied by the Industrial Commission on October 28, 1936; that thereafter, on August 18, 1938, the respondent again applied for an additional award upon the ground that he had undergone a change in condition for the worse since the last prior order made by the commission; that numerous hearings were had on this application and that much medical evidence and testimony was introduced and heard in connection therewith; that while such evidence and testimony was in conflict with respect to the extent of the disability and whether the same was attributable to the original injury, the testimony of Dr. Lawrence W. Ferguson, who had treated respondent immediately following his injury and upon a number of occasions thereafter, both prior and subsequent to the order made by the commission on October 28, 1936, was to the effect that respondent had undergone a definite change in physical condition since the last previous order of the commission, and that such change had resulted in increased disability to labor and perform work and was attributable to the original injury.

The commission found from all of the evidence that the respondent had undergone a change in condition which became manifest on August 18, 1938, and that by reason thereof his ability to labor and perform work had been decreased, and awarded him additional compensation under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22, at the minimum rate as provided by subdivision 5 of said section.

The petitioners make but one contention, which is, in effect, that the finding and award is unsupported by any competent evidence. We are unable to agree with this contention. Dr. Ferguson, by virtue of his knowledge of the condition of the respondent both prior and subsequent to the order made by the commission on October 28, 1936, was peculiarly qualified to testify on the question of whether the respondent had undergone a change in condition and was a competent witness in all particulars. Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031.

The petitioners have digested the evidence of the various witnesses appearing before the commission, and in effect suggest that this court examine and weigh all of the evidence and determine where the preponderance thereof lies. This suggestion cannot be entertained, since it is too well settled to require discussion that this court in matters relating to the administering of relief under the Workmen's Compensation Act will not examine and weigh the evidence, but will accept the findings of the commission if supported by any competent evidence. See Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622; Hazel-Atlas Glass Co. v. Greenwood, 178 Okla. 69, 61 P. 2d 639; Magnolia Pet. Co. v. Russell, 175 Okla. 343, 50 P. 2d 1102. In such cases the State Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. 2d 108; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

No error of law being presented, the award will not be disturbed. Award sustained.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.