CHAPMAN et al. v. SELBY et al.

No. 29597. Jan. 26, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 934.*

Pierce & Rucker, Fred M. Mock, and S. S. Wachter, all of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. N. E. Selby filed a claim before the State Industrial Commission against J. A. Chapman and E. B. McFarlin, employers, and Maryland Casualty Company, their insurance carrier, on July 28, 1939. It was set forth therein that on or about August 8, 1938, he received a strain while lifting an iron pipe which resulted in a hernia. The petitioners (respondents below) answered denying that Selby sustained an accidental injury arising out of and in the course of his employment, and alleging that they had received no notification of his claimed injury in the time and manner prescribed by law; they

also alleged that this claim of accidental injury had been fully adjudicated by the commission in its final order of July 5, 1939, in cause No. B-17412, which was a claim filed October 4, 1938, by the same claimant against the same respondents alleging an accidental injury on May 3, 1938.

After hearing testimony the commission entered an order on October 10, 1939, finding that Selby had sustained an accidental personal injury arising out of and in the course of his employment on August 8, 1938, consisting of a strain resulting in a hernia; that he had been temporarily totally disabled from September 30, 1938, to the date of the order, and was still totally disabled, and ordered the payment of compensation at the rate of $18 per week from September 30, 1938, less the five-day waiting period until such temporary total disability should cease or until otherwise ordered by the commission; it also ordered the respondents to tender claimant any further medical treatment needed. The respondents appealed. The parties will be referred to herein as they appeared below.

The respondents contend that the finding of accidental injury and the disability resulting is not supported by any competent evidence; that the order of July 5, 1939, constituted an adjudication of any claim which the claimant might have had; that the award as made is contrary to law and violative of the expressed provisions of the Workmen's Compensation Act.

The record discloses claimant was operated on by respondents' doctor for a hernia on June 6, 1938; that several weeks thereafter the company doctor then in charge released him as sufficiently recovered to return to work; that a short time after he had returned to work, and on or about August 8, 1938, while racking pipe, he felt a tearing in his side in the area of the operation; that he advised his boss of the situation and was taken by him to the same company doctor who had cared for him after the operation; that the doctor recommended that he stay in bed three or four days; that thereafter he returned to work and continued to carry on even though in pain, until by reason of the hernia he now complained of he had to quit work on September 30, 1938. The company doctor testified that when the claimant was brought to him on or about August 10, 1938, there was soreness in the area previously operated and he was in pain; that at the time he found no evidence of a hernia and it was his opinion that the operated area had not healed completely, and that that was the cause of the soreness and pain; that on August 20, 1938, he again found no evidence of a hernia and released the claimant for work; that the next time he examined him he found the hernia in the area formerly operated; that he did not know just when this examination took place; that the claimant did not advise him that he had received another injury. A clerk for the claimant's employer, however, testified that he was away on a vacation at the time the claimant received the alleged second injury; that upon his return, about August 20, 1938, after obtaining the necessary information from the company doctor, he prepared Form 2, Employers' Notice of Injury, showing that the claimant claimed to have received an injury on or about August 10, 1938, and sent it to the main company office; that he did not talk to the claimant or the foreman under whom claimant worked with reference thereto; that when the claimant quit on September 30th he took him to the same doctor for examination. For some reason, not disclosed by the record, such employers' notice of injury so sent in by the clerk was not sent to the commission, but was kept in the employer's file. The doctor who appeared in behalf of the claimant testified that even though a hernia operation had been only partially successful, it would hold unless torn by a new strain or injury; that even though such an operation were successful, there would always be a weakness in the area of the operation; that the recurrent inguinal hernia he now found on the right side of the claimant was caused by a strain which, according to the history given him, was

received by the claimant on or about August 9, 1938; that the hernia he now found was in the area formerly operated for hernia and was caused by the strain received subsequent thereto.

The respondents contend that the claimant's testimony is in conflict with his testimony at the hearing on the first claim and therefore not subject to belief. It is true that the second injury was not mentioned; however, such injury was not before the commission and no questions were asked with reference thereto. The respondents had treated claimant and the employer had its clerk's written report of such alleged claim.

There is no contention herein that the Industrial Commission did not have jurisdiction of the parties and subject matter; likewise, there is no contention, nor could one be sustained if made, that an employee, such as claimant herein, could not sustain more than one compensable injury of the same nature, i.e., two or more hernias, in the same employment.

The State Industrial Commission is the sole judge of the credibility of the witnesses appearing before it and the weight to be given to their testimony on nonjurisdictional matters. The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any evidence reasonably tending to support the same, such finding and the award of the commission based thereon will not be disturbed on review by this court. J. E. Smith & Sons v. Bay et al., 186 Okla. 544, 99 P. 2d 152; Stanolind Pipe Line Co. v. Brewer, 185 Okla. 578, 95 P. 2d 625; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094. There is sufficient competent evidence to sustain the finding by the commission that the claimant received an accidental injury arising out of and in the course of his employment on or about August 8, 1938, consisting of a strain resulting in a hernia, and that his disability was caused thereby.

It is also disclosed by the record that on October 4, 1938, the claimant herein filed claim No. B-17412 setting forth that he received an accidental injury on June 1, 1938, which resulted in a hernia; that an operation was performed for the correction of this condition on June 6, 1938; that permanent partial disability resulted from said hernia; that thereafter, on March 27, 1939, an amended claim was filed therein stating said accident occurred on or about May 3, 1938; in that case, after hearing evidence, the commission entered an order on July 5, 1939, denying said claim in which it found as follows:

"That the evidence is insufficient to show that claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondents herein."

No appeal was taken from that order; it became final. No reference was made to the second injury in the claim filed on the first injury although same was filed after the second injury is alleged to have occurred, and no mention was ever made thereof by either of the parties at the hearing on the first claim although the respondents had actual notice thereof in writing. It is admitted that the commission was not apprised thereof at any time before the order on the first claim was entered. The evidence presented was solely as to the alleged injury of May 3, 1938, and claimant's permanent partial disability. The order of July 5th, supra, merely found that the evidence was insufficient to show that the claimant sustained an accidental injury arising out of and in the course of his employment on May 3, 1938. That was the only injury before the commission at that time. By virtue of that finding the commission did not determine the cause of claimant's disability, if any. It made no finding that claimant did or did not have a partial permanent disability. It did not even find that he did not have an accident. It simply determined that claimant did not sustain a compensable accidental injury on May 3, 1938. This determination, of course, would adjudicate any permanent partial disability existent that resulted from the first al-

leged injury. The commission's award now on appeal was only for temporary total disability resulting from the second injury of August 10th. At the hearing on the first injury the commission should have been advised as to the second injury so that it would have been fully cognizant of the situation. Both parties were to blame for this failure to so advise the commission.

The claimant in the case before us is now claiming compensation for disability resulting from the second injury alone, separate and distinct from the first injury. It is a separate case and must stand on its own facts. It is solely a claim for compensation for the hernia resulting from the second injury, while the first claim was for compensation for the hernia caused by the first injury and for permanent partial disability resulting therefrom. The evidence adduced at the hearing on the first injury and the order entered therein were pertinent on the question of whether the claimant's admitted disability was a permanent partial disability caused by the first injury and an unsuccessful operation therefor, or was a temporary disability resulting from the second injury. The order now before us does not mention the first injury or the adverse determination of the claim based thereon. However, we must assume that the commission, in reaching its conclusion that the claimant was temporarily totally disabled by reason of the second injury and entitled to compensation therefor, gave proper consideration to the evidence adduced at the hearing on the first claim and the order entered therein. See Brown v. Shellabarger Mill & Elev. Co. et al., 142 Kan. 476, 50 P. 2d 919; Garabebian v. Gorham Mfg. Co. (R.I.) 9 Atl. 2d 46; O'Connor v. Abbott, 134 Neb. 471, 279 N. W. 207.

We therefore conclude that the order of July 5, 1939, determined no issue which is involved herein.

Under 85 O. S. 1941 § 22, a claimant in a hernia case is entitled to an operation to correct the condition and to an award for eight weeks' compensation only unless the injury results in perma-

nent total disability. Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. 2d 663; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 242, 62 P. 655; Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P. 2d 642. However, where such necessary operation, or the tender thereof, is long and unnecessarily delayed, the employer will be held liable for compensation during such delay where continued disability results from such hernia. Tom Slick Oil Co. et al. v. Sullivan, 167 Okla. 72, 26 P. 2d 926; Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898. The respondents have tendered no operation.

Award sustained.

CORN, C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and BAYLESS and WELCH, JJ., dissent.