PATRICK v. CITY OF TULSA et al.

No. 33358.  Sept. 28, 1948.

*197 P. 2d 994.*

Burns McCain, of Tulsa, for petitioner.

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. In this case Levi Patrick, petitioner, seeks to vacate an award of the State Industrial Commission awarding him 14 weeks' compensation plus costs of an operation for an injury sustained while in the employ of the city of Tulsa, respondent, resulting in hernia.

The commission found that petitioner, on the 11th day of March, 1946, while in the employ of respondent, sustained an accidental injury arising out of and in the course of his employment resulting in hernia and awarded him 14 weeks' compensation or a total sum of $494, payable at the rate of $21 per week, plus cost of operation.

It is undisputed that there is sufficient competent evidence to support the finding and award of the commission in this respect. Petitioner, however, contends that the award as for hernia was prematurely entered; that such issue was not then before the commission for determination; that the only issue then before the commission for consideration was as to whether he was entitled to compensation for temporary total disability from the date of his injury until the date of the operation, and that the hearing on the question of compensation to be awarded for disability resulting in hernia was to be deferred until such time as it could be determined as to whether permanent total disability resulted therefrom. This contention is not without merit. The question as to whether petitioner was entitled to compensation for temporary total disability was squarely presented to the commission. It made no finding as to such issue nor did it decide such question. The transcript under date of July 9, 1947, contains the following recitation:

" . . . the above named cause comes on to be tried on temporary total disability pursuant to assignment regularly made and hearing had this date in Tulsa, Oklahoma . . . ."

The record also discloses that this question was presented, argued and briefed before the commission. The commission should have at least passed upon and decided such question.

The evidence on behalf of petitioner shows that on the 11th day of March, 1946, while in the employ of respondent, he sustained an accidental injury resulting in hernia; that an operation was necessary to cure the hernia; that respondent neglected and refused to have such operation performed; that petitioner thereafter, and on the 3rd day of June, 1947, had the operation performed at his own expense. It is also shown by medical testimony that he was temporarily totally disabled from the 15th day of June, 1946, until the date the operation was performed.

Petitioner testified that he sustained his injury while in the employ of re-

spondent and while engaged in lifting a heavy iron pipe or post which had attached thereto a cement block and which he was then attempting to load on a truck; that he suffered a severe strain in the region of his left groin; that he kept working during the balance of the day. The next morning he discovered a large knot in that region which gradually increased in size and that he was by reason thereof unable to return to work; that on the 12th day of March, 1946, the foreman of respondent called upon him at his home; that he was then sick in bed; that he at that time informed the foreman of his injury and the manner in which it occurred and also informed him that he suffered a rupture as a result of such injury; that he was afterwards granted sick leave by respondent and respondent paid him sick benefits from the date of the injury up to and including the 22nd day of March, 1946, at which time it discontinued such payments and terminated his employment with the city; that he again returned to work for respondent on the 15th day of April, 1946, but was given lighter work; that he continued at such work until the 15th day of June, 1946, at which time he discontinued work for the reason that his condition grew worse and he was no longer able to do the work and that ever since said time he has been totally disabled from performing ordinary manual labor; that he thereafter and during the month of December, 1946, on different occasions called upon the city attorney and discussed with him and informed him of his injury and advised him that as a result thereof he had sustained a rupture, and that on the 31st day of December, 1946, he requested that the city lend assistance in procuring an operation; that this request was denied and the city attorney at that time informed him that the city was denying liability; that he thereafter called upon Dr. Wiley for consultation and treatment, and that on the 3rd day of June, 1947, at his own expense, he had Dr. Wiley perform the operation.

Dr. Wiley testified that he first saw and examined petitioner some time in November, 1946; that he was then suffering from a hernia and was then totally disabled from performing manual labor and in answer to a hypothetical question stated that in his opinion such hernia and disability resulted from the injury sustained by petitioner on March 11, 1946; that he thereafter, on the 3rd day of June, 1947, operated on petitioner for hernia; that notwithstanding such operation petitioner is still temporarily totally disabled and that it was then too early to determine as to whether permanent total disability would result from the injury. .

In support of the award respondent relies on 85 O. S. 1941 §22, subd. 3. This section, insofar as it relates to compensation that may be awarded for injury resulting in hernia, provides:

"In case of an injury resulting in hernia, compensation for fourteen weeks, and the cost of the operation shall be payable; provided, that if the hernia results in total permanent disability, then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

This section, however, should be construed in connection with section 14, which in part provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the commission may be required."

The provisions of section 22, supra, limiting compensation to 14 weeks and cost of operation in case of injury resulting in a hernia, presupposes that prompt medical attention in the nature of the necessary operation as provided in section 14, supra, will be given, and where such necessary operation, or the tender thereof, is long and unneces-

sarily delayed, the employer will be held liable for compensation during such delay where continual disability results from such hernia. The responsibility resting upon the employer to cause to be performed the necessary operation to cure hernia can only be relieved by the performance of such operation or by the tender thereof and the refusal of the employee to accept the same. Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898; Slick Oil Co. v. Sullivan, 167 Okla. 72, 26 P. 2d 926; Chapman v. Selby, 192 Okla. 399, 136 P. 2d 934.

The evidence offered on behalf of petitioner tends to show that respondent without excuse failed to tender him an operation and that upon his request refused to have the operation performed.

Respondent contends that it had no notice or knowledge that petitioner claimed to have sustained an accidental injury resulting in hernia while in its employ until the 15th day of February, 1947, the date upon which he filed his claim with the commission for compensation; that no written notice of the injury was served upon it as required by 85 O. S. 1941 §24, nor did it receive notice or information of such injury from any other source, and that it could not therefore be held liable for temporary total disability for failure to tender an operation. It, however, did not plead or contend at the hearing and does not now contend that the failure on the part of the petitioner to serve such notice upon it barred his claim for compensation. While the commission found that no written notice of the injury was given, it further found that respondent had actual notice and information of such injury and it was therefore not prejudiced by reason of the failure of petitioner to serve it with written notice. While respondent denied that it received any notice or information of any kind or character of petitioner's claimed injury, and while its foreman denied that petitioner had ever informed him as to such injury and disability resulting therefrom as testified to by him, there is competent evidence to sustain the finding of the commission in this respect and such finding will therefore not be disturbed by this court on review.

Since under the finding of the commission respondent had actual notice of petitioner's injury and the disability resulting therefrom, it was its duty under the provisions of 85 O. S. 1941 §14, to furnish him proper medical attention and to tender him an operation.

It is conceded by respondent that petitioner was working for it on the 11th day of March, 1946, the date upon which he claims to have sustained his injury; that he became ill on that date and that it paid him sick benefits from such time until the 20th day of March, 1946, at which time it ceased such payments and terminated his employment. It is also admitted by respondent that petitioner thereafter, and on the 15th day of April, 1946, returned to work, and that he was given lighter employment and that he continued work until the 15th day of June, 1946, at which time he discontinued work. It is also admitted and conceded by the city attorney that petitioner, during December, 1946, on different occasions talked to him concerning his injury and advised him that he claimed to have received a hernia as a result thereof, and that on December 30, 1946, he requested that the city lend him assistance in having an operation performed; that such request was denied and at that time he informed petitioner that the city was denying liability.

Under the evidence and the authorities herein cited, the commission should have passed upon and determined the question raised by petitioner as to whether he was entitled to compensation for temporary total disability because of the failure of the respondent to tender him an operation or to perform the operation after having been requested so to do by petitioner.

Award vacated, with directions to proceed in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, ARNOLD, and LUTTRELL, JJ., concur. WELCH and GIBSON, JJ., dissent.