DAUGHERTY et al. v. YOUNG et al.

No. 33534. Jan. 4, 1949.

*201 P. 2d 785.*

George E. Fisher, of Oklahoma City, for petitioners.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, V. C. J. This is an original proceeding brought by D. D. Daugherty and Traders & General Insurance Company, petitioners, to review an award made to Richard M. Young in which the State Industrial Commission found that on July 31, 1947, while in the employ of the petitioner, D. D. Daugherty, as a carpenter claimant sustained an accidental injury arising out of and in the course of his employment resulting in a hernia and back injury. An award was made for the hernia and for a 30 per cent permanent partial disability to the body as a whole, and the petitioners have brought this proceeding to review the award.

In four general allegations of error petitioners present the single issue argued in proposition one, which is that the evidence presented at the hearing and trial of this cause is insufficient to sustain the finding of the trial commissioner. Petitioners state that there is no evidence of any lifting or straining which caused the hernia; that there is no evidence of a blow or injury to the region of the back in the area where he claims now to be injured.

The only case cited by petitioners is Western Good Roads Service Co. v. Coombes et al., 185 Okla. 599, 95 P. 2d 633. Therein, to establish his physical disability as the result of an accidental injury, claimant relied upon the testimony of a physician. It was held that the testimony was not competent for such purpose because the doctor based his opinion upon an assumed set of facts substantially different from that disclosed by the evidence on the hearing. In the case at bar in a statement given to the petitioners and introduced by them, claimant stated that while working at the south edge of the city limits of Edmond, Okla., putting up prefabricated houses, he was helping unload cartons of windows from a truck; he was standing on the ground and two men were on top of the truck; he had his hands above his head to catch the cartons, weighing about 150 pounds, when one of the men became overbalanced and let the carton of windows loose and it came down on claimant's back and head. He didn't fall but held the windows until some of the other men came to his assistance. A medical witness testified for claimant, minutely describing the accidental injury. He used almost the exact words of claimant in his testimony before the State Industrial Commission and stated that in the opinion of said medical expert witness, when the claimant received the blow on his head and shoulders from the falling carton of windows, it injured his spine "all the way down." He testified that as a result of said accidental injury he sustained a hernia and permanent injury to his back.

An examination of the evidence discloses a sharp conflict in the testimony as to the extent of injury and the disability resulting therefrom. In Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847, we stated:

"This court, in the case of Briscoe Const. Co. et al. v. Listerman et al., 163 Okla. 17, 20 P. 2d 560, 562, quoted with approval from Schneider's Workmen's Compensation Law, as follows:

" 'The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser.' "

From an examination of the record, we are of the opinion and hold that the award of the State Industrial Commission is sustained by the evidence.

Award sustained.

HURST, C. J., and RILEY, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.