YOUNG v. DAUGHERTY et al.

No. 34223.    Nov. 28, 1950.

*224 P. 2d 962.*

Paul F. Showalter and Paul Pugh, both of Oklahoma City, for petitioner.

George E. Fisher, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. This is an original proceeding in this court to review an order of the State Industrial Commission, denying an application by the claimant, Richard M. Young, for an additional award for temporary total disability against the employer D. D. Daugherty and his insurance carrier. The ground upon which the award was sought was that the employer had unnecessarily delayed tendering claimant an operation for a hernia. The application stated that the hernia, separate from any other disability, rendered claimant disabled from the date of his accident, July 31, 1947, to February 24, 1949. No change of condition was alleged, and the evidence adduced by claimant in support of his application showed no change of condition. The commission denied the application for the reason that it was without jurisdiction to make a further award for temporary total disability.

The parties concede that on January 17, 1948, the trial commissioner made an award for temporary total disability from the date of the injury to and including September 30, 1947, the award reciting that compensation for such period of time had been paid to claimant. It also made an award of 30 per cent permanent partial disability, and a further award for 14 weeks' compensation and an operation for a femoral hernia sustained as a result of the accidental injury.

The employer and insurance carrier appealed from the award to the commission en banc, and the commission en banc, on February 13, 1948, affirmed and adopted the award made by the trial commissioner. From this

award the employer and insurance carrier appealed to this court, and this court affirmed the award. Daugherty v. Young, 201 Okla. 84, 201 P. 2d 785. Mandate was duly issued, and on January 25, 1949, the Industrial Commission issued an order directing compliance with the award. The award for permanent partial disability was paid and receipt issued therefor, and on February 15, 1949, the insurance carrier tendered an operation for hernia, which was performed on February 24, 1949. From the record on the first appeal to this court it appears that at the first hearing on claimant's claim for compensation, which was held December 29, 1947, there was some little dispute as to when compensation for temporary total disability ended, the attorneys for claimant stating that according to their records temporary total disability ended on December 9, 1947, while the attorney for the employer stated that it ended on September 30, 1947. The trial commissioner found that it ended on September 30, 1947, and this was affirmed by the commission en banc. Apparently there was no further contention between the parties as to the continuance of compensation for temporary total disability, since from the bond filed with the commission as a prerequisite to review by this court, and from the opinion of this court in the case, it is plain that the only issues presented were whether claimant was entitled to an award for permanent partial disability, and to a further award on account of the hernia. Claimant did not appeal from this award of temporary total disability made by the trial commissioner, nor did he appeal from the affirmance of that award by the commission en banc. Therefore, no appeal having been taken by either party from the amount of compensation awarded for temporary total disability, the award by the trial commissioner became final. 85 O. S. 1941 §29. Additional compensation for temporary total disability after said award became final could be obtained only upon a showing of change of condition. Magnolia Petroleum Co. v. Nalley, 176 Okla. 491, 56 P. 2d 769; Amerada Petroleum Corp. v. White, 179 Okla. 82, 64 P. 2d 660. We have many times held that a decision of the State Industrial Commission is conclusive where no action to review the same was taken within the time allowed by law. Brown Bros. v. Parks, 176 Okla. 615, 56 P. 2d 883; Lipscomb v. State Industrial Commission, 199 Okla. 597, 188 P. 2d 841; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. 2d 67.

Claimant relies upon Patrick v. City of Tulsa, 200 Okla. 556, 197 P. 2d 994; Chapman v. Selby, 192 Okla. 339, 136 P. 2d 934, and other cases holding that where an award is made for compensation and an operation for hernia and the employer fails to promptly provide for the operation, additional disability arising therefrom may be awarded. But examination of these cases discloses that the situation herein involved was not involved in those cases, in that in those cases no further award for temporary total disability was applied for after one award therefor, ending upon a date certain, had been made and had become final.

Claimant further urges that the first appeal to this court divested the commission of jurisdiction to make any further award pending the appeal, and that no action could be taken during the 20 days following the date of issuance of mandate from this court due to the fact that the claimant had no reason to assume that the employer would not comply with the award and furnish him with an operation during the 20 days following issuance of mandate. We are unable to see how this argument is of benefit to claimant, since under the authorities above cited, the award for temporary total disability having become final, the only ground upon which he could seek an additional award for temporary total disability would be upon change of condition.

Award sustained.

DAVISON, C.J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.