**WILKERSON CHEVROLET, INC., and Universal Underwriters, Petitioners,**

v.

**Floyd G. MACKEY and State Industrial Court, Respondents.**

No. 39467.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for petitioners.

Claud Briggs, Oklahoma City, George D. Willhite, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Floyd G. Mackey, claimant, obtained an award of compensation for hernias under the provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. Employer, Wilkerson Chevrolet, Inc., and its insurance carrier, Universal Underwriters, bring this proceeding to vacate the award.

This is a companion case to Wilkerson Chevrolet, Inc. v. Mackey, No. 39466, 367 P.2d 162, wherein an award was made to Floyd G. Mackey for a back injury. The present award is for hernias occurring at the time of the injury to the back. The present award is in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employ-

ment with the above named respondent, January 7, 1960, and January 30, 1960, consisting of injury to his back and groins.

"That claimant's rate of compensation is $35.00 per week for temporary total disability and $30.00 per week for permanent disability.

"That the Court finds from the testimony of the medical experts and complaints of claimant herein, that the herniae occurred on January 7, 1960, and were further torn in the subsequent fall on January 30, 1960; that disability to claimant's back has been awarded in case No. C–92230, and claimant's (sic) for disability to the back herein is denied; but that as a result of the two injuries set out above, claimant did sustain bi-lateral inguinal Hernia, for which he is entitled to compensation for 14 weeks at $35.00 per week, or the total amount of $490.-00, same to be paid in a lump sum."

The claimed injury to the back and the hernia injury were by two separately filed claims, describing two falls to the pavement, one on January 7, 1960, and another on January 30, 1960. Both claims were filed on March 21, 1960, and were separately numbered C–92229 and C–92230.

■ Petitioners first contend that the award for hernias is void because it was entered in the wrong proceeding. The trial judge ordered that the claims be consolidated for hearing and order "depending on what testimony develops as to whether or not the cases should be disposed of in the same order or by separate orders." The trial was conducted without consideration of separation as to numbers. When the award for the back injury was entered it was assigned No. C–92230 and the award for hernias was assigned No. C–92229.

We think the fact that the awards were so numbered is without legal significance unless petitioners can show some prejudice by reason thereof. The claims were consolidated and heard together. Petitioners appealed from both awards attaching each

award to the respective petitions for review. There was no effort made by petitioners to correct the alleged error before the trial tribunal. A brief and reply brief were filed in cause No. 39466 and one of the errors there presented, and also here, is that the trial court erred in entering the award. for 14 weeks temporary total disability in. the hernia case because it constituted double compensation for temporary total disability for the period of 14 weeks. Petitioners point out no substantial error misleading or damaging to them by such alleged errors.

■ The two claims together described the two accidents and were consolidated for hearing and a joint or several order. Conceding that the numbered claim in question did not describe the hernia injury, still the evidence disclosed the injury was caused by the described accidents and claimant was entitled to a finding thereon. Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024.

The only case cited by petitioners as authority for the contended error is Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217. That case involved liability on an appeal bond under the wording of the bond and status of the pleading. It is apparent there is no similarity to the present situation where there is liberality in allowing recovery for injuries other than those described in the claim.

Petitioners next argue in effect that there is no competent evidence reasonably tending to support the finding that the hernias resulted from the accidental injury.

Claimant stated that when he fell and sustained the back injury on January 7 and January 30, 1960, he felt sharp pains and swelling in the groin; that he had a previous hernia while working in Arkansas in 1949; that this hernia was repaired and healed and he had no difficulty thereafter until the injury to his back. Dr. W who performed the operation on the back, and Dr. M, testified for claimant on the back injury and operation but would express no opinion as to the cause of the hernias. Claimant's back operation was performed February 8, 1960, and the actual existence

of the hernias was not discovered until about two weeks thereafter. Dr. H E B was claimant's family doctor and saw claimant on February 2, 1960, and was given a history of the fall of January 30. At that time claimant complained of pain in the groin and of severe pain in the lower back and leg. It was Dr. H E B's opinion that the accidental falls caused and produced the hernias.

■ Under the rule announced in 1800 Restaurant, Inc. v. Gossett, Okl., 287 P.2d 897, and Chapman v. Selby, 192 Okl. 399, 136 P.2d 934, we find the evidence sufficient to support the finding of the State Industrial Court that the hernias resulted from accidental injuries.

■ In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095, it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

■ Finally it is argued the award cannot be sustained because claimant was awarded temporary total disability for this 14 weeks by the award in (C–92230) Wilkerson Chevrolet, Inc. v. Mackey, No. 39466. Assuming that the 14 weeks in this award was covered by the time expiring in some portion of the temporary award in that case, we cannot agree that it precludes a recovery for the statutory amount allowed for hernia by 85 O.S.1957, Supp., § 22, subd. 3, providing for an operation and 14 weeks for hernia.

■ An award for hernia under the provisions of the Workmen's Compensation Act has been described as a specific award.

Pettit Motor Co. v. Pettit, Okl., 353 P.2d 20, id. 359 P.2d 1068; Nelson Electric Manufacturing Co. v. Cartwright, Okl., 277 P.2d 163; and Williams v. Commander Mills, Inc., 181 Okl. 362, 73 P.2d 1143, 1144.

In Williams v. Commander Mills, supra, in discussing the provision for hernia as it then stood, we stated:

"* * * The law was thereafter amended by chapter 61, S.L.1923, so as to include hernia as a separate subdivision under the schedule of specific injuries. * * *"

■ Scheduled compensation for a specific injury is to be awarded even though there is no loss of earning power. 99 C.J.S. Workmen's Compensation § 306, p. 1106, and Nelson v. Rialto Mining Co., 194 Okl. 628, 154 P.2d 87, 89.

In cases such as this the award must be made for the hernia as arbitrarily provided by the act, and also for the "other cases" disablement without regard for the hernia injury and the award arbitrarily required therefor. J. E. Trigg Drilling Co. v. Daniels, 193 Okl. 644, 145 P.2d 944, 946.

The precise proposition here presented was not directly passed upon in petitioners' cited cases of Nelson Electric Mfg. Co. v. Cartwright, supra, and Transwestern Oil Co. v. Partain, 188 Okl. 97, 106 P.2d 263. In our opinion they are not contrary to our conclusion on this aspect of this appeal.

We therefore hold that an award for 14 weeks under the provisions of Section 22, supra, for hernia, is as much a part of the separate award as is the award for the operation and is separate and apart from any award for temporary disability not made under the provisions for hernia.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.