WILKERSON CHEVROLET, INC., and Universal Underwriters Insurance Company, Petitioners,

v.

Floyd G. MACKEY and State Industrial Court, Respondents.

No. 40452.

Supreme Court of Oklahoma.

Oct. 13, 1964.

Rehearing Denied Nov. 10, 1964.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for petitioners.

Claud Briggs, Oklahoma City, for respondents.

DAVISON, Justice.

On March 21, 1960, Floyd G. Mackey, claimant, filed two claims for compensation and medical treatment with the State Industrial Court. In the first case, numbered C–92229, he alleged an injury to his back as the result of a fall sustained January 7, 1960. In the second case, numbered C–92230, he alleged further injury to his back, and injury to both right and left groin area resulting in hernias, due to a fall sustained January 30, 1960. On the date of each injury the employer and insurance carrier was Wilkerson Chevrolet, Inc., and Universal Underwriters Insurance Company. The Industrial Court awarded claimant compensatoin in each case but reserved the question of liability for medical treatment for further hearing. Subsequent thereto both cases were appealed to this court. The award in each case was af-

firmed by this court and the cases reported in 367 P.2d 162 and 367 P.2d 165.

Both of the above cases were decided by this court on December 12, 1961, and the present "application to reopen on change of condition and for additional award" was filed in the State Industrial Court on April 24, 1962.

Involved in this phase of both cases is, the liability of employer and insurance carrier for past and present medical expenses incurred by claimant, reopening of the hernia case due to change of condition for the worse, award of compensation for temporary total disability for the period June 21, 1961, to January 6, 1962, plus 14 weeks additional temporary total disability compensation to cover the period fixed by statute to be recovered for hernia.

■ The first proposition advanced by petitioners amounts to a contention that the Industrial Court committed error in holding that Wilkerson Chevrolet, Inc., and its insurance carrier, are liable for the medical expenses incurred by claimant due to the injuries to his back and by reason of his hernias. It is argued that before medical services can be recognized as a valid claim by the Industrial Court, the injured employee must first show he requested medical treatment of the employer and it was denied him. Such a theory would have had merit prior to the 1923 amendment to Section 7288, C.O.S.1921 (85 O.S.1961 § 14). By that amendment the necessity of request was removed, especially if the employer had knowledge of the injury and failed and neglected to furnish aid under the statute. Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10.

Petitioners present further argument to the effect they had no knowledge of claimant's alleged injuries until February 5, 1960, when they were called from the hospital and were informed that claimant was in the hospital and in need of surgery; that claimant had obtained his own medical treatment without prior notification to the employer, thereby depriving employer of the right to select a physician. A similar

situation, question and argument was before this court in the case of Sapulpa Tank Company v. Cole, 386 P.2d 988. In that case, at pages 992 and 993, it is stated:

"Also, we observe that 85 O.S.1961 § 14, contains the proviso that an injured employee, or another in his behalf, may obtain emergency treatment at the expense of the employer. There was testimony by claimant's physician that the surgery performed was an emergency and due to the accidental injury. While it may have been contradicted by the testimony of petitioners' physician, a question of fact was thus presented for the decision of the Industrial Court. That court having resolved the issue in favor of claimant, based on competent evidence, order will not be disturbed by this Court on review. See Hackley v. Dalles Nursing Home, Okl., 372 P.2d 586.

"We have many times held that an employee does not have to request medical treatment of the employer in order to hold the employer and insurance carrier liable if the employer knows of the need and fails or refuses to provide same. See Mattingley v. State Industrial Court, Okl., 382 P.2d 125, and cases therein cited.

"We are also of the opinion that neither request nor notice is necessary where an emergency exists. 85 O.S. 1961 § 14.

"Therefore, where the circumstances and condition of the injured employee present an emergency demanding prompt action, the injured person may be justified in securing needed medical service at the employer's expense without first giving notice, The question of whether such an emergency existed presented a question of fact to be decided by the State Industrial Court. * * *"

In the instant case claimant's physician testified that immediate surgery was necessary and in his opinion an emergency existed. This testimony was uncontradicted, was evidently believed by the Industrial Court, and was competent evidence upon which to base its order.

■ Petitioners next challenge the jurisdiction of the Industrial Court to reopen the hernia case for additional medical treatment and compensation, contending said cause is barred from reopening by 85 O.S.1961, § 43. In support thereof they cite Wasson v. Tulsa Dairy Supplies, Okl., 315 P.2d 773. An examination of this case reveals that it is authority for the rule that the jurisdiction of the State Industrial Court to reopen any cause upon change in condition extends for the maximum period of time measured by the number of weeks for which compensation could have been awarded had the changed condition at the time of filing motion to reopen existed at the date of the original award. The rule is a sound one but we fail to see where it has more than an incidental application to the instant case.

Under Oklahoma Statutes (85 O.S.1961, § 14), an employer is required to furnish an employee injured in an industrial accident with such medical, surgical and hospital treatment as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the court may be required. This statute does not limit the time in which the Industrial Court may reopen a cause to grant additional medical and hospital care in the treatment of the original injury. However, in commenting on the maximum jurisdiction of the Industrial Court in the case of Hondo Petroleum Co. v. Piearcy, Okl., 376 P.2d 1012, at page 1013, we said:

"The law stands firmly settled that an injured workman is entitled to compensation for temporary incapacity in addition to an award for permanent partial disability, and this rule applies with equal force and effect whether the injury is specific or unscheduled. Simpson Fell Oil Co. v. Tucker, 158 Okl. 45, 12 P.2d 529. The only statutory limitations are that the aggregate benefits granted for a single injury

may not exceed 500 weeks and the allowance for both temporary total and temporary partial disability is restricted to 300 weeks. 85 O.S.1961 § 22, subdivisions 1, 2 and 4; Brooks & Dahlgren v. Pettigrew, 195 Okl. 550, 159 P.2d 743; Hamilton & Hartman v. Badgett, 164 Okl. 31, 22 P.2d 350; Orth Kleifeker & Wallace v. Scott, 173 Okl. 448, 49 P.2d 112; Commercial Casualty Insurance Co. v. Brock, 176 Okl. 348, 55 P.2d 788.

\* \* \* \* \* \*

"Recurrence of temporary incapacity either before or after a determination of permanent partial disability is made constitutes a change of condition within the contemplation and purview of 85 O.S.1961 § 28, and affords a proper basis for an order allowing additional compensation. Capitol Well Servicing Company v. Levescy, Okl., 371 P.2d 905, 908; Kleener Coal Company v. Hamilton, Okl., 363 P.2d 373, 376; Oklahoma City Tent and Awning Company v. Malson, Okl., 362 P.2d 971, 973; Young v. Daugherty, 203 Okl. 598, 224 P.2d 962."

While we recognize that hernia cases are covered by a specific statute, it is settled law that if a subsequent hernia is a mere recurrence of the original hernia and produces a permanent total disability the Industrial Court has authority to reopen such a cause and award compensation for permanent total disability. United Service Street Car Co. v. McCarter, 167 Okl. 433, 30 P.2d 456; Safeway Stores, Inc. v. Brumley, 191 Okl. 270, 128 P.2d 1006. In the last cited case, at page 1007, we said:

"The fact that the State Industrial Commission had previously found that respondent then had no permanent disability and had been given an operation for his hernia condition which had apparently been successful was conclusive only insofar as it related to the then actual existing condition and could have no application to future developments. As said in Southern Drilling Co. v. Daley, 166 Okl. 33, 25 P.2d 1082: 'The State Industrial Commission's adjudication of a physical condition is final as to the condition then existing, but it is not final in so far as it predicts the future course of the injury when something new appears therein showing a different condition.'"

■ In view of the above cited authority we conclude that, if it was the intent of the statute to authorize the reopening of a hernia case on change of condition and award permanent total disability, it must necessarily follow that it could be reopened to award additional and necessary medical treatment, where the original condition had not been alleviated by successful surgery, especially within the limitations placed upon reopening for permanent total disability. Claimant's motion to reopen was well within such limitations. The fact that the State Industrial Court had previously awarded the statutory 14 weeks compensation of temporary total disability for hernia was conclusive only insofar as it related to the then actual existing condition and could have no application to bar a reopening of the then recurrent condition.

■ Petitioners next contend that there was no competent evidence showing claimant had suffered a change of condition. Suffice to say, the record discloses that claimant, through his attorney, notified petitioners of the recurrent hernias and his need for medical treatment. Immediately thereafter petitioners had claimant examined by Dr. L, who reported to them that the hernias had recurred and claimant was in immediate need of medical attention. This evidence without more was sufficient to show claimant had suffered a change of condition.

■ Petitioners argument is next directed to their contention that the record is absent competent evidence that claimant was temporarily totally disabled from June 21, 1961, to January 6, 1962, or that petitioners were liable for compensation for said period. In support thereof they cite

Patrick v. City of Tulsa, 200 Okl. 556, 197 P.2d 994, and Douglas Aircraft Company v. Titsworth, Okl., 356 P.2d 365.

The first cited case is authority for the rule in hernia cases that where the employer, faced with the necessity of an operation, unduly delays the operation, or a tender thereof, he will be held liable for compensation during such delay, where continued disability results from such hernia.

The second cited case is authority for the rule that if the employer fails or neglects to promptly provide medical, surgical or hospital services to an injured employee, with knowledge that the same are needed, the injured workman may, during the period of such neglect or failure, procure the necessary services at the expense of the employer.

In our opinion the cited cases, insofar as applicable to the facts herein, do not support the contention of petitioners. They do, however, in some measure support the view taken by respondent (claimant). Patrick v. City of Tulsa, supra, is based upon the rule of law laid down by this court in Allen v. Elk City Cotton Oil Co., 125 Okl. 142, 256 P. 898; Tom Slick Oil Co. v. Sullivan, 167 Okl. 72, 26 P.2d 926; Chapman v. Selby, 192 Okl. 399, 136 P.2d 934.

In Chapman v. Selby, at page 937, it is stated:

"Under 85 O.S.1941, § 22 a claimant in hernia case is entitled to an operation to correct the condition and to award for eight weeks compensation only unless the injury results in permanent total disability. Crowe Coal Co. v. Swindell, 109 Okl. 275, 235 P. 614; Southland Gasoline Co. v. Bowlin, 152 Okl. 117, 3 P.2d 663; Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 242, 62 P.2d 655; Pioneer Mills Co. v. Webster, 184 Okl. 49, 84 P.2d 642. However, where such necessary operation, or the tender thereof, is long and unnecessarily delayed the employer will be held liable

for compensation during such delay where continued disability results from such hernia. Tom Slick Oil Co. et al. v. Sullivan, 167 Okl. 72, 26 P.2d 926; Allen v. Elk City Cotton Oil Co., 125 Okl. 142, 256 P. 898. The respondents tendered no operation."

At the final hearing before the trial judge, on August 29, 1962, the case was closed. Thereafter, on September 24, 1962, several weeks after the case was closed, the unsworn ex parte report of Dr. H. C. B was filed with the Industrial Court. This report was admitted in evidence and if properly admitted, this evidence together with other lay testimony would support the finding of the Industrial Court that claimant was entitled to compensation for the period June 21, 1961, to June 6, 1962. Thus, as to this phase of the case, the serious question is whether the report was properly admitted in evidence.

■ Long established in this jurisdiction is the rule that, "The ex parte or unsworn statement of a physician, *in the absence of an agreement or waiver,* may not be considered by the Commission (now Court) as a basis for an award, and an award based thereon will not be sustained." (Emphasis added) Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766. The rule, without exception, has been applied in those cases wherein the parties have not been afforded the opportunity to cross-examine the doctor.

■ In the instant case Dr. B's report was transmitted by letter from claimant to the Industrial Court. A copy of the letter and a copy of the report was sent to respondent's attorney. Upon receipt of the copy of the doctor's report, respondent's attorney, by letter to the trial judge, waived his right to object to the report under the best evidence rule, and waived his right to cross-examine the doctor. He lodged objection however on the ground that the report was untimely.

Although the report may have been untimely we do not feel the trial judge in accepting the report in evidence abused his discretion. Respondent was apparently

**670**

satisfied with what it believed the outcome of the case would be, even should the report of Dr. H. C. B be considered. Respondent did not at that time ask permission to submit further evidence on its behalf. It cannot now complain that it was deprived of a full and complete hearing.

In Brannen v. State Industrial Commission, Okl., 333 P.2d 304, this court in passing upon the question of the admission into evidence by the Industrial Court of the testimony of more than two doctors contrary to the provisions of 85 O.S.1951 § 27.1, stated:

> "In the absence of an abuse of discretion we hold that the State Industrial Commission may cause to be introduced any testimony, expert or otherwise, which the Commission considers necessary to a determination of the issues."

The order in all respects is proper, supported by competent evidence, and should be affirmed. It is so ordered.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.